

FILED

JAN 28 2022

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LEE,<br><br>          Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>          Defendants. | |

Case: 1:22–mc–00016
Assigned To : Unassigned
Assign. Date : 1/28/2022
Description: Misc.

Chief Judge Beryl A. Howell

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, who is using the name "Lee" for purposes of this case, seeks to proceed under pseudonym in the instant action seeking declaratory and injunctive relief related to the "China Initiative," an alleged "government sponsored program which institutionalizes discrimination based on race, falsely disguised as a national security program."  Compl. ¶ 3. Plaintiff seeks to proceed pseudonymously to "protect his employment prospects" and because "[b]eing publicly identified with the 'China Initiative' investigations would be embarrassing to [him] and certainly damaging to his reputation."  Pl.'s Sealed Mot. to Proceed Under Pseudonym ("Pl.'s Mot.") at 2.  For the reasons set forth below, plaintiff's motion is denied.[1]

## I.  BACKGROUND

In 2018, "then-Attorney General Jeff Sessions [] launched the 'China Initiative'" to combat a perceived national security threat posed by "hundreds of thousands of citizens and

---

[1]  *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

residents" with ties to China, and directed the FBI and the National Security Division of the
Department of Justice to "assume responsibility for countering nation state threats to the
country's private sector" including threats such as "trade secret theft, hacking and economic
espionage." Compl. ¶ 3 (internal quotations omitted).  Plaintiff, who is a naturalized U.S.
citizen of Chinese ancestry, *id.* ¶ 53, argues that the China Initiative "institutionalizes
discrimination based on race," embodying "a repeat of a historic and illegally discriminatory
stereotype that Americans of Chinese descent are an undesirable and disloyal race to this
country." *Id*. ¶ 3

On November 27, 2019, the FBI "conducted a predawn raid" of plaintiff's residence,
allegedly pursuant to the China Initiative. *Id*. ¶ 4.  Plaintiff asserts that this raid was
conducted on behalf of his former private sector employer, who had "fabricated [] claim[s]"
against Lee of "hacking government computers" and "disclosing protected health
information." *Id.* ¶ 33.  He further alleges that the employer "used Lee's ethnicity and
national origin against him to classify him as a Chinese 'nontraditional collector' of
healthcare data in the United States and to assume he had committed a crime," *id.* ¶ 44, and
that "[b]ut for [his] Chinese ancestry, the FBI would never had issued the search warrant, nor
would it have sought additional evidence against Lee without first investigating the false
allegations made by a private company." *Id.* ¶ 33.

Plaintiff filed the instant suit seeking various forms of declaratory relief, including a
judgment that the China Initiative is unconstitutional and reversing the Supreme Court
decision in *Korematsu v. United States*, 323 U.S. 214 (1944), and an order directing the FBI
"to release Lee's personal properties and to expunge any and all of his FBI records." Compl.
at 37.

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings

may be redacted to protect privacy by limiting public access.  *See, e.g.,* FED. R. CIV. P. 5.2

(a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and

only partial birthdates and social-security, taxpayer-identification, and financial account

numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require

redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously.  A

party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete

need for such secrecy, and identifying the consequences that would likely befall it if forced to

proceed in its own name."  *In re Sealed Case*, 971 F.3d at 326.  Once that showing has been

made, "the court must then 'balance the litigant's legitimate interest in anonymity against

countervailing interests in full disclosure.'"  *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96).

When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d

233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis."

*In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve privacy in
> a matter of [a] sensitive and highly personal nature; (2) whether identification
> poses a risk of retaliatory physical or mental harm to the requesting party or[,]
> even more critically, to innocent non-parties; (3) the ages of the persons whose
> privacy interests are sought to be protected; (4) whether the action is against a
> governmental or private party; and relatedly, (5) the risk of unfairness to the
> opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the

five boxes."  *Id.*  Rather, the "balancing test is necessarily flexible and fact driven" and the

five factors are "non-exhaustive."  *In re Sealed Case*, 971 F.3d at 326.  In exercising discretion

"to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the

circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III.    DISCUSSION

At this early stage of the litigation, this Court is not persuaded that plaintiff has met the burden of showing that his interests outweigh the public's presumptive interest in knowing the details of this litigation.  Plaintiff has articulated no privacy interest sufficient to rebut the presumption in favor of open proceedings.

The first *James* factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97—weighs against plaintiff.  Plaintiff argues that pseudonymity is justified because "[b]eing publicly identified with the 'China Initiative' investigations would be embarrassing to Plaintiff and certainly damaging to his reputation."  Pl.'s Mot. at 3.  Plaintiff's ambiguous fears of reputational harm and the loss of employment prospects appear, at this stage, more akin to a mere desire "to avoid the annoyance and criticism that may attend any litigation." *In re Sealed Case*, 931 F.3d at 97.  While plaintiff asserts that "other person of Chinese heritage unlawfully investigated and prosecuted by Defendants" have suffered such harm, plaintiff fails to provide any examples of similarly situated individuals or otherwise establish that any harm to his reputation or job prospects is more than speculative.  The first *James* factor weighs against permitting plaintiff to proceed under pseudonym.

The second *James* factor, "whether identification poses a risk of retaliatory physical or mental harm," *In re Sealed Case*, 931 F.3d at 97, further weighs against plaintiff because the asserted risk of retaliatory harm is both speculative and minimal.  Plaintiff asserts that being publicly identified would pose "a serious risk of retaliatory physical or mental harm of Plaintiff" because, "by designating an entire ethnic group as 'fraudsters', 'spies', 'traitors,' or 'thieves' Defendants provided a motivational factor in . . . violent attacks against Asian Americans."  Pl.'s Mot. at 3.  Plaintiff further cites the COVID-19 pandemic which has "worsened the already prejudicial atmosphere which has further demonized Asians based entirely on their race."  *Id.*  While the Court shares plaintiff's concern about the rise of anti-Asian bias, plaintiff provides no indication that such retaliation has occurred in the context of lawsuits such as this one, nor does he identify any specific threats to himself or others that would stem from his name being publicly associated with the instant suit.  Thus, the second *James* factor weighs against granting plaintiff's motion.

The third *James* factor, "the ages of the persons whose privacy interests are sought to be protected," *In re Sealed Case*, 931 F.3d at 97, weighs slightly in favor of granting plaintiff's motion, as plaintiff alleges that "the disclosure of [him] being targeted by the FBI will undoubtedly bring embarrassment and humiliation to [his] children, one of whom is a minor."  Pl.'s Mot at 3.

The fourth *James* factor weighs against granting plaintiff's motion.  The law is well settled that "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, as in this one.  Furthermore, the "public interest is intensified when, as here, the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments

presented, to other parties going forward." *Id.* Plaintiff's challenge to the constitutionality of the China Initiative, and its role in the government's investigations of his own actions, would be a matter of significant public interest.

The fifth *James* factor weighs slightly in plaintiff's favor because allowing plaintiff to proceed under pseudonym will not prejudice the defendants in any way. Plaintiff's identity is known to defendants, given the search warrants that were executed against his property. Compl. ¶ 33. Thus, allowing plaintiff to proceed under pseudonym would not compromise defendants' ability to defend this action and would pose no "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

Taking these factors together, plaintiff has presented no compelling justification for "the rare dispensation of pseudonymous status," *In re Sealed Case*, 971 F.3d at 328, and thus has failed to demonstrate a need for secrecy or identify consequences likely to befall plaintiff if he proceeded in his own name.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Anonymously is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall not file plaintiff's Complaint on the docket unless it is filed with plaintiff's full name in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: January 28, 2022

BERYL A. HOWELL
Chief Judge